UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

JUDGE BRENDAN LINEHAN SHANNON

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2915

July 13, 2007

William F. Jaworski, Jr., Esquire
William F. Jaworski, LLC
1274 South Governors Avenue
Dover, DE 19904

Marion Maxwell Quirk, Esquire
Skadden Arps Slate Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

> Re:   In re Robert A. Cooke
> Case No. 07-10192 (BLS) Chapter 13
> Adv. Pro. No. 07-51339

Dear Counsel:

This letter is in respect of the Motion of Lesley R. Stephenson Pursuant to 11 U.S.C. Section 362(d)(1) to Modify the Automatic Stay (the "Lift Stay Motion") [Docket No. 15] filed by Lesley Stephenson ("Mr. Stephenson" or "Movant"). For the reasons set forth below, I will grant the Lift Stay Motion and allow Mr. Stephenson to proceed with litigation against the Debtor and his wife, Terri Cooke (a non-debtor) in the Delaware Court of Chancery.

The relevant facts and procedural history are not complicated and may be summarized herein in abbreviated form. Movant alleges that he is disabled and that the Debtor and Mrs. Cooke (collectively, the "Defendants") assisted him, inter alia, with handling his financial affairs. Movant further alleges that the Defendants took advantage of their relationship with him to wrongly take funds that should have gone to Mr. Stephenson at the closing of the sale of his house. Mrs. Cooke served as a real estate agent in connection with that closing.

Mr. Stephenson has commenced an adversary proceeding against the Debtor in this Court seeking to exclude his claims from any discharge Mr. Cooke may receive in his Chapter

13 case. Movant also wishes to proceed against Mrs. Cooke on claims arising out of the same operative facts.

Oral argument on the Lift Stay Motion was conducted on June 28, 2007. At the conclusion of that hearing, which focused almost entirely on whether this Court could assert jurisdiction over Movant's claims against Mrs. Cooke, I directed Debtor's counsel to advise the Court by letter whether Mrs. Cooke would consent to personal jurisdiction in this Court. Debtor's counsel responded in the affirmative on July 3, 2007, annexing an affidavit from Mrs. Cooke. Movant responded by letter dated July 9, 2007 (i) questioning the validity or enforceability of Mrs. Cooke's consent to personal jurisdiction here and (ii) more importantly, contending that this Court lacks subject matter jurisdiction over claims between Mr. Stephenson and Mrs. Cooke, two non-debtors.

## DISCUSSION

### A.    Standards for Granting Relief from Stay

Relief from the automatic stay is governed by section 362(d) of the Bankruptcy Code, which states in relevant part as follows:

> On request of a party in interest and after a notice and hearing, the court shall grant relief from the stay provided under subsection (a) of the section, such as by terminating, annulling, modifying or conditioning such stay -
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . .

11 U.S.C. § 362(d)(1) (emphasis added).

The Bankruptcy Code does not define "cause", and in deciding whether "cause" exists in a particular case, courts typically consider: (i) the prejudice that the debtor or the estate would suffer if the automatic stay were lifted; (ii) the balance of hardships facing the parties; and (iii) the probability of success on the merits of the underlying action if the stay were lifted. See Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992). Courts have also identified a variety of additional factors relevant to the analysis, including: (a) whether relief would result in a partial or complete resolution of the issues; (b) lack of any connection or interference with the bankruptcy case; (c) whether the other proceeding involves the debtor as a fiduciary; (d) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (e) whether the action primarily involves third parties; and (f) the interest in judicial economy and the expeditious and economic resolution of litigation. See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1286 (2d Cir. 1990).

In the present case, I believe the primary considerations in ruling on the Lift Stay Motion

are principles of judicial economy, the ability of one forum or another to accord complete relief
and the balancing of the harm or burden upon each party associated with proceeding in this Court
or in the Court of Chancery.  Application of these factors requires a brief analysis of this Court's
jurisdiction over this dispute and the parties thereto.[1]

## B.   Subject Matter Jurisdiction

It is axiomatic that parties cannot confer subject matter jurisdiction upon the Court by
consent, and a challenge to subject matter jurisdiction may be raised at any time.  The jurisdiction
of bankruptcy courts is derived from 28 U.S.C. § 1334(b), which provides as follows:

> (b) Except as provided in subsection (e)(2) and notwithstanding,
> any Act of Congress that confers exclusive jurisdiction on a court
> or courts other than the district courts, the district courts shall have
> original but not exclusive jurisdiction of all civil proceedings
> arising under title 11, or arising in or related to cases under title 11.

The grant of jurisdiction over matters "related to a case under title 11" provides a broad
but not limitless predicate for action by the Court.  The well-established standard articulated by
the United States Court of Appeals for the Third Circuit is whether the "outcome of that
proceeding could conceivably have any effect on the estate being administered in bankruptcy."
Pacor Inc. v. Higgins, 743 F.2d 984, 994 (3d. Cir. 1984), overruled on other grounds by Things
Remembered, Inc. v. Petrarca, 516 U.S. 124, 134-35 (1995).

Debtor contends that "related to" jurisdiction pertains here because an adverse judgment
against Mrs. Cooke may impact the Debtor's estate as "household funds used to fund Debtor's
Chapter 13 plan may be diverted to pay Movant," and that such payments would potentially
"reduce the distributions contemplated to creditors."  See Adv. Pro. No. 07-51339 Docket No.
18.  This cannot be the test.  If it were, then by logical extension any creditor's claim or cause of
action against a non-debtor spouse (or even a tenant or relative of a debtor contributing to
household expenses) would be subject to the jurisdiction of this Court.  "Related to" jurisdiction
is broad, but it is not that broad.

There is relatively little relevant case law to guide the Court's analysis of whether it
possesses jurisdiction to hear and decide Movant's claims against Mrs. Cooke.  At best, it is a
close call.  But one of this Court's guiding concerns in consumer bankruptcy cases is to endeavor
to manage proceedings with the understanding that the costs associated with protracted litigation
can frustrate the Bankruptcy Code's goals of fostering a debtor's financial rehabilitation.

---

[1]  I note that the matter before me is the Lift Stay Motion, and not a Rule 12 motion to dismiss on grounds
of lack of subject matter jurisdiction.  For purposes of my ruling, I need not conduct an exhaustive analysis of the
statutory and precedential underpinnings of bankruptcy court jurisdiction, and do not rule dispositively on whether
this Court enjoys jurisdiction over this dispute and these parties.  Rather, as set forth more fully below, I have
concluded that my exercise of jurisdiction here is sufficiently uncertain as to weigh in favor of permitting the
litigation to proceed in the Court of Chancery, where presumably jurisdiction is not subject to the same potential
challenges or infirmities.

In the present case, for me to hear and dispose of claims involving Mrs. Cooke raises the distinct possibility that those proceedings would all be for naught, if it is later determined that this Court lacked either personal or subject matter jurisdiction. Bifurcating the proceedings[2] is similarly unappealing, as it raises both the risk of inconsistent rulings and the certainty of added expense.

Accordingly, I will grant Movant's request for relief from the stay to proceed with this suit against the Debtor and Mrs. Cooke in the Court of Chancery. I conclude that the harm to the Debtor associated with having to litigate this dispute in the Court of Chancery does not outweigh the benefit to be achieved by having one court dispose of the intertwined claims against the Debtor and Mrs. Cooke. Debtor's contention that this result does not further principles of judicial economy – because this Court ultimately will have to rule on the question of dischargeability under 11 U.S.C. § 523(a) – has some resonance, but does not outweigh the Court's concerns about jurisdiction over a creditor's claims against a non-debtor.

Finally, because the claims will be heard in the Court of Chancery, I will further order that all proceedings in the non-dischargeability action commenced by Movant in this Court be stayed pending resolution of that litigation or further order of this Court.

Appropriate orders will issue consistent with my rulings herein.

Very truly yours,

Brendan Linehan Shannon

BLS/jmw

---

[2] As used by the parties during oral argument, the term "bifurcation" contemplates parallel proceedings in this Court and the Court of Chancery against the Debtor and Mrs. Cooke, respectively.